Approved: _____
STEVEN J. KOCHEVAR
Assistant United States Attorney

Before:   THE HONORABLE ANDREW E. KRAUSE
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - X
                                  :   **SEALED COMPLAINT**   21MJ5863
UNITED STATES OF AMERICA          :
                                  :   Violation of 21 U.S.C.
    - v. -                        :   § 846
                                  :
GEORGE LEGUEN,                    :
                                  :   COUNTY OF OFFENSE:
                     Defendant.   :   WESTCHESTER
                                  :
- - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

JAVED NARAIN, being duly sworn, deposes and says that he is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), and charges as follows:

**COUNT ONE**

(Conspiracy to Distribute Cocaine)

1. From at least November 2020 until on or about May 13, 2021, in the Southern District of New York and elsewhere, GEORGE LEGUEN, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that GEORGE LEGUEN, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substance that GEORGE LEGUEN, the defendant, conspired to distribute and possess with the intent to distribute was five kilograms and more of mixtures and

substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

4. I am a Special Agent with HSI and have been since 2018. Before that, I worked as a police officer for the City of Chamblee Police Department in Chamblee, Georgia for four years. During my tenure at HSI, I have been involved in the investigation of numerous cases involving narcotics distribution. Through my training, education and experience, I have become familiar with the manner in which illegal drugs are imported and distributed, the method of payment for such drugs and the efforts of persons involved in drug trafficking to avoid detection by law enforcement.

5. I base this affidavit on that personal experience, as well as my conversations with other law enforcement officers and other individuals, and my examination of various reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts I have learned during the investigation. Where the contents of documents or the actions, statements, or conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

6. On or about May 13, 2021, and as described in further detail below, an individual ("Individual-1") received a package at an address in Yonkers, New York ("Address-1") containing approximately 17.6 kilograms, including translucent wrapping, of a white powdery substance that field-tested positive for cocaine.[1] Based on my conversations with Individual-1, a search of Individual-1's cellular phone, and review of law enforcement records, I have learned the following, among other things:

---

[1] Individual-1 has been providing information to law enforcement in the hopes of receiving leniency with respect to federal drug charges arising out of his receipt of packages containing cocaine, including the package he received on May 13, 2021. Information Individual-1 has provided to law enforcement has proven reliable, and has at times been independently corroborated by other evidence, as described herein.

a. On or about April 8, 2017, GEORGE LEGUEN, the defendant, was involved in a traffic accident in New York City, New York. LEGUEN provided information to police officers following the accident. The accident report prepared by the New York City Police Department lists 347-290-9759 (the "9759 Number") as the contact phone number for LEGUEN.

b. In or about October 2020, Individual-1 provided Address-1 to LEGUEN as an address to which packages containing cocaine could be shipped. Approximately one month later, in or about November 2020, packages that Individual-1 understood to contain cocaine (the "Packages") began arriving at Address-1 on an approximately semi-monthly basis. LEGUEN would arrange for delivery of the Packages to Address-1, notify Individual-1 of upcoming deliveries, and arrange for LEGUEN or an associate to pick up each package after it was delivered to Address-1.

c. To arrange for delivery of certain of the Packages to Address-1 and for the transfer of certain of the Packages from Individual-1 to LEGUEN, LEGUEN would send and receive messages to and from Individual-1 using the 9759 Number, as shown in the following images:



3





Individual-1 has explained to law enforcement agents, in substance and in part, that the foregoing message stating "Tom we are working out in the gym", sent to Individual-1 at approximately 4:43 p.m. on March 8, 2021, indicated that a

Package would be delivered on March 9, 2021. Individual-1 has also explained to law enforcement agents, in substance and in part, that LEGUEN would sometimes arrange for Packages to be sent to the vacant house next to door to Address-1 and therefore there are references to a neighbor in communications between Individual-1 and LEGUEN, such as in the foregoing message "Next week the Neighbor", sent to Individual-1 at approximately 12:43 p.m. on March 5, 2021.

7. On or about May 13, 2021, the United Parcel Service ("UPS") contacted law enforcement agents regarding the delivery of two packages (the "May 13 Packages") shipped from Puerto Rico. One of these packages ("Package-1") was addressed to Address-1; the second of these packages ("Package-2") was addressed to "Maria Leguen" at a different address in Yonkers ("Address-2").

8. The outside of the May 13 Packages were large brown packing boxes. UPS inspected the May 13 Packages and determined that they contained Pelican-style, hard-shell black plastic and metal boxes (the "Pelican Boxes"). Inexpensive children's toys were packed around the Pelican Boxes. Inside the Pelican Boxes were multiple bricks of a white powdery substance, wrapped in black and translucent plastic, which I know from my training and experience to be consistent with the packaging of suspected narcotics. A picture of the bricks of narcotics inside the Pelican Boxes is below:



6

9.  After UPS contacted law enforcement regarding the May 13 Packages, a K-9 unit (a dog trained to detect narcotics) inspected the May 13 Packages and alerted to them, indicating the presence of narcotics. The bricks inside the Pelican Boxes field-tested positive for the presence of cocaine. The bricks inside Package-1 weighed approximately 17.6 kilograms, including the translucent wrapping. The bricks inside Package-2 weighed approximately 18.0 kilograms, including the translucent wrapping.

10. Following the detection of cocaine in the May 13 Packages, law enforcement agents took control of the Packages at John F. Kennedy Airport. A team of law enforcement agents took Package-2 to Address-2. Access to the apartment building containing Address-2 is controlled using a virtual call box. When cycling through the callbox listings, Address-2 has the name LEGUEN listed next to it, as shown in the following image:



11. Law enforcement agents attempted to deliver Package-2 to Address-2, but no one answered the door when they attempted the delivery. Law enforcement agents then observed the entrance to Address-2. After observing two people, one male ("Individual-2") and one female ("Individual-3"), enter and shortly thereafter exit Address-2, law enforcement agents approached the two individuals, who agreed to let law enforcement agents enter Address-2. They informed law enforcement agents, in substance and in part, that Address-2 belonged to GEORGE LEGUEN, the defendant, and that LEGUEN was Individual-2's son and Individual-3's boyfriend.  Inside Address-2, law enforcement agents observed in plain view two

7

large, brown, partially-opened boxes and inexpensive children's toys coming out of each box. The inexpensive children's toys were of the same type as those present in the May 13 Packages. They also observed in plain view two Pelican-style, hard-shell black plastic and metal boxes, of the same type as the Pelican Boxes in the May 13 Packages.

12. Later on May 13, 2021, law enforcement agents executed a search warrant at Address-2. They recovered a box containing approximately 1.05 kilograms of cocaine. They also recovered translucent wrapping paper, which I know from my training and experience are typically used in the packaging of narcotics. Law enforcement agents also recovered a Con Edison bill for Address-2 in the name of "George Leguen."

13. On May 13, 2021, at approximately the same time law enforcement agents took Package-2 to Address-2, a separate team of law enforcement agents took Package-1 to Address-1. At Address-1, an individual ("Individual-4") initially took physical delivery of Package-1, before Individual-1 arrived and admitted, in sum and substance, that he was the intended recipient of Package-1 and that he intended to take delivery of Package-1 and then arrange for its receipt by GEORGE LEGUEN, the defendant. Individual-1 also informed law enforcement officers that he received a package on May 12 (the "May 12 Package") and intended to arrange for its receipt by LEGUEN. After obtaining Individual-1's consent to search Address-1, law enforcement officers recovered the May 12 Package, which contained approximately 2.2 kilograms of cocaine.

14. Based on my conversations with Individual-1, my observation with Individual's consent of certain phone conversations, and a search of Individual-1's cellular phone, I have learned that on May 12 and 13, 2021, Individual-1 communicated with GEORGE LEGUEN, the defendant, regarding the May 12 and 13 Packages, including through calls and text messages, as shown in the following images:







15.    I have reviewed records received from UPS that show IP addresses used to track the delivery of the May 13 Packages. According to these records, a certain IP address (the "IP Address") was used to track Package-1 and Package-2. According to records from Verizon, one of the phone numbers associated with the IP Address is the 9759 Number, the email address associated with the IP Address is "leguengeorge@gmail.com", the customer name associated with the IP Address is Individual-3, and the physical address associated with the IP Address is an address in Paramus, New Jersey ("Address-3").

16.    Based on my review of court records and conversations with other law enforcement officers, I have learned that on March 24, 2021, GEORGE LEGUEN, the defendant, was charged by complaint in the District of New Jersey with one count of wire fraud, in violation of 18 U.S.C. § 1343 and 2, and one count of money laundering, in violation of 18 U.S.C. § 1957 and 2. *See United States v. Leguen*, Mag. No. 21-9181, Dkt. No. 1. On March 26, 2021, LEGUEN was arrested on these charges and released on bond. *See United States v. Leguen*, Mag. No. 21-9181, Dkt. No. 7. One of the conditions of LEGUEN's release was his home confinement at Address-3 in Paramus, New Jersey, the same address associated with the IP Address that tracked Package-1 and Package-2.

WHEREFORE, the deponent respectfully requests that a warrant be issued for the arrest of GEORGE LEGUEN, the defendant, and that he be imprisoned or bailed, as the case may be.

/s/ *Javed Narain* (by AEK, with permission)
(credentials inspected)
_____
SPECIAL AGENT JAVED NARAIN
HOMELAND SECURITY INVESTIGATIONS
U.S. DEPARTMENT OF HOMELAND SECURITY

Sworn to me through the transmission of this Complaint by reliable electronic means, pursuant to Federal Rule of Criminal Procedure 4.1, this

7th day of June, 2021

*[signature: Andrew Krause]*                By FaceTime
_____
THE HONORABLE ANDREW E. KRAUSE
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK